## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

In re:  Anneli Nystrand, Debtor          CASE NO.: 21-400006-KKS
                                         CHAPTER 7

Anneli Nystrand                          ADV. NO.: _____

          Plaintiff,

v.

Kingdom of Sweden.

          Defendant.

_____/

### COMPLAINT TO DETERMINE DISCHARGEABILITY OF
### STUDENT LOAN DEBT BASED ON UNDUE HARDSHIP

Plaintiff, Anneli Nystrand, pro se, files this Complaint pursuant to 11 U.S.C. s. 523(a)(8), and its civil analog, 28 U.S.C., s. 2201, and alleges the following in support of the requested relief:

### JURISDICTION

1. This is an adversary proceeding in which Plaintiff is seeking discharge of the debt to the Kingdom of Sweden as stated in the Summary Final Judgment of *Kingdom of Sweden v. Anneli Maria Baldwin,* Case No. 2018-CA-2077, Second Judicial Circuit Court, Leon County, Florida.

2. This court has jurisdiction pursuant to 28 U.S.C. ss. 157 and 1334, and this matter arises and is related to a bankruptcy case filed in this district.

1

## BACKGROUND

3. Plaintiff is a 56-year-old single mother residing in Tallahassee, Florida with her 13-year-old daughter. Plaintiff 's daughter resides with Plaintiff 100% of the time since August 2020.

4. Plaintiff was born in Karlskoga, Sweden in 1964 and arrived in Fort Lauderdale, Florida in 1984 after high school to work as a nanny. Plaintiff did not attend college in Sweden.

5. Plaintiff became a United States permanent resident in 1986.

6. In 1990, Plaintiff attended Miami-Dade Community College, Miami, Florida. Upon completion of her A.A. degree, Plaintiff received a 2-year academic scholarship to University of Miami's undergraduate school.

7. Plaintiff graduated from University of Miami in 1993 and was accepted to University of Miami School of Law in August 1993.

8. Plaintiff graduated from the University of Miami School of Law in 1995 with approximately $60,000 in United States Department of Education (hereinafter "ED") student loans.

9. Plaintiff passed the Florida Bar exam in 1996 and moved to Tallahassee, Florida to work as an attorney for the Florida Department of Banking and Finance.

10. On or about 1999, Plaintiff became a United States citizen. Plaintiff married in 2004 and subsequently owned and operated a masonry construction company from 2004 to 2012 with her husband. In December 2007, Plaintiff gave birth to a daughter.

11. On or about 2010, Plaintiff paid off her ED $60,0000 law school student debt loan.

12. Plaintiff divorced in January 2013 at age 49, purchased a $150,000 townhouse as a residence for her and her daughter, and began looking for employment.

13. Plaintiff applied for more than 200 attorney positions in Florida in 2013 and 2014, including both State and private law firm positions. Plaintiff did not receive a single interview.

14. In early 2015, Plaintiff had been unemployed for almost 2 years, had depleted her savings and retirements funds, and was receiving SNAP benefits, "food stamps", for her daughter.

15. Having been employed in the restaurant industry during college, Plaintiff began applying for management positions with restaurants and fast-food franchises, including McDonald's, Roadhouse Grill, and The Waffle House.

16. Plaintiff received an employment offer for a management position with the Waffle House in Tallahassee, Florida. Plaintiff accepted the job offer with an annual salary of $45,000.

17. Subsequent to her divorce, due to Plaintiff's financial difficulties being unemployed, in addition to having lost a court action in 2014 against her ex-husband involving a mortgage in the amount of $450,000 related to a Carrabelle coastal property her ex-husband had purchased in her name during their marriage, Plaintiff's credit rating was below 600.

18. Due to Plaintiff's poor credit rating, The Waffle House withdrew their employment offer based on company policy requiring a certain credit rating for employees having "key privileges".

19. Facing homelessness, in May 2015 Plaintiff posted a plea on her Facebook page for any available employment. Plaintiff received a message from a local mortgage lender who was hiring an assistant.

20. Plaintiff accepted the assistant position and was employed at University Lending Group for 1 year earning $30,000/year. Plaintiff subsequently worked for Thurman Law Firm 2016-2017, earning $39,000/year. From 2017-2018 Plaintiff was employed by the Law Office of Lee Meadows, earning $50,000/year.

## **LAWSUIT BY KINGDOM OF SWEDEN**

21. On or about September 20, 2018, the Kingdom of Sweden, (hereinafter "Sweden"), filed a lawsuit against Plaintiff in Leon County Circuit Court for unpaid student loans and interest for the years 1991 to 1997 in an amount exceeding $150,000. See Exhibit "A" hereto.

22. Plaintiff vigorously defended the lawsuit for more than two (2) years until November 2, 2020, when Sweden was granted a Summary Final Judgment.

## **PLAINTIFF'S CURRENT FINANCIAL SITUATION**

23. In December 2018, Plaintiff started a law firm, Nystrand Law, LLC. On June 30, 2019, Nystrand Law entered into a contract for the fiscal year 2019-2020 with the Judicial Administrative Commission ("JAC") to accept court-appointed civil and criminal cases in the Second Judicial Circuit.

24. As of December 31, 2020, Plaintiff actively represented approximately 70 clients, including parents, juvenile delinquents, and persons accused of misdemeanor crimes. The JAC pays $800 for each dependency client, $500 for each misdemeanor client, and $375 for each juvenile delinquency client.

25. Plaintiff earned approximately $20,000 in 2019.

26. Plaintiff's 2020 tax return has not currently been completed, however, Nystrand Law's gross earnings from the JAC were approximately $46,000 before taxes and expenses in 2020.

27. From 2016 until the COVID-19 pandemic in March 2020, Plaintiff supplemented her attorney income by renting out her townhouse on Airbnb.com on the weekends while staying in a 288 square foot "she shed" on her property.

28. Plaintiff has no savings or retirement accounts.

29. Plaintiff has current student loans with the ED in the amount of approximately $50,000 incurred 2016-2018 while a graduate student at the University of West Florida. These loans are in good standing and become payable in September 2021.

30. Nystrand Law, LLC., received a $15,000.00 EIDL loan in 2020 as a result of the COVID-19 pandemic. This loan is due for repayment in 2022.

31. Plaintiff is 56 years-old-with a 13-year-old dependent. It is unlikely that Plaintiff's future financial situation will improve based her age, prior income history, and current financial situation.

32. Plaintiff cannot pay the debt to Sweden while maintaining a minimal standard of living for her and her daughter. Payment of the debt to Sweden would impose an undue hardship on Plaintiff and her dependent.

WHEREFORE, Plaintiff, Anneli Nystrand, respectfully requests that this

Court:

1. Determine that in accordance with 11 U.S.C. s. 523 (a)(8), the payment of

   Plaintiff's debt to Sweden would impose an undue hardship on her and her

   dependent.

2. Determine that Plaintiff's debt to Sweden is discharged in her bankruptcy

   proceeding; and,

3. Grant such other relief this Court deems just and proper.


Dated: April 16, 2021                          Respectfully submitted,

                                               *Anneli Nystrand*
                                               Anneli Nystrand
                                               2490 Laurelwood Court
                                               Tallahassee, Florida 32308
                                               850-241-3914
                                               anneli@nystrandlaw.com