FORM oriso (11/16)

**UNITED STATES BANKRUPTCY COURT**
Northern District of Florida
Tallahassee Division

In Re: Anneli Mariah Nystrand                                    Bankruptcy Case No.: 21–40006–KKS

      Anneli Mariah Nystrand                                    Adversary Case No.: 21–04003–KKS
      Plaintiff(s)

vs

      Kingdom of Sweden
      Defendant(s)

*INITIAL SCHEDULING ORDER*

    Rule 1001 of the Federal Rules of Bankruptcy Procedure requires a "just, speedy, and inexpensive determination of every case and proceeding." To accomplish that purpose, and in accordance with Rule 7016 of the Federal Rules of Bankruptcy Procedure incorporating Rule 16, Federal Rules of Civil Procedure, it is ORDERED as follows:

    (1) **Discovery Period**. The parties are directed to conduct discovery so that the due date of any discovery requested shall not be later than 90 days. The conduct of any discovery which would require a later due date shall be permitted only on order of the Court. No extension of time will be granted except for good cause and upon showing of diligence during the initial discovery period. The filing of motions SHALL NOT operate to toll or extend the discovery cut–off date set forth in this paragraph.

    (2) **Rule 7026 Requirements**. This scheduling order is entered prior to the meeting of parties and the filing of the joint report required under Rule 7026, Federal Rules of Bankruptcy Procedure incorporating Rule 26 F.R. Civ. P., so that discovery can proceed expeditiously and without any unnecessary delay. **However, pursuant to Rule 26(d), unless otherwise ordered by the Court or specifically agreed to by all parties, no discovery shall be initiated by any party until the meeting required by Rule 26(f) has been completed.** It is anticipated that modifications may be made to this order upon consideration of the parties' joint report. The following will be required of all parties to this litigation:

        (a) **Meeting of Parties and Filing of Joint Report**. Counsel of record and any unrepresented parties shall personally meet within 30 days from the date of this order, as required by Rule 26(f), and the joint report to the Court shall be filed within 14 days thereafter. The plaintiff shall initiate arrangements for the meeting and filing of the report, but the Court shall hold all parties equally responsible for insuring that the meeting is held and the report filed as required. If the parties are unable to agree, each party's position shall be set out in the filed joint report. In addition to the matters set out in Rule 26(f), the following shall also be discussed at the meeting and specifically addressed in the joint report:

            (i) The nature and basis of all claims and defenses, and a good faith attempt to identify the principal factual and legal issues in dispute.

            (ii) A statement as to whether the parties object to the Court's entry of a final order or judgment.[1] <u>Failure of any party to object within fourteen (14) days of the entry of this order shall constitute consent by such party to this Court entering all appropriate final orders and judgments in this proceeding</u>. Nothing in this paragraph limits this Court's ability to determine sua sponte whether this proceeding is a core proceeding under 28 U.S.C. § 157(b)(3) or otherwise subject to entry of final orders or judgments by this Court.

            (iii) The possibility for prompt settlement or resolution of the case, and whether mediation (or any other alternative dispute resolution process) might be helpful in settlement, either now or after certain limited discovery has taken place.

---

[1] *See Wellness International Network, Ltd. v. Sharif,* 135 S. Ct. 1932 (2015)

    (iv) Proposed timetables and cutoff dates for the joinder of other parties, amendments to the pleadings, and the filing of motions and responses, and in particular, whether this initial scheduling order should be revised or amended in any way.

    (v) The parties' respective discovery requirements in this case, and if the parties deem this initial scheduling order to be inadequate, they shall develop an alternate proposal which specifically addresses the timing and form of discovery, whether discovery should be conducted in phases or limited in any respect, and what, if any, changes should be made in the discovery procedures and time deadlines set out in this initial scheduling order, or in the applicable rules.

    (vi) A good faith estimate as to when the parties believe the case will be ready for trial (month and year) and the time required for trial. This date will be set out in the joint report, and if it is not within 8 months from the date of filing of this case, an explanation must be included.

    (vii) Any other matters which the parties deem appropriate with regard to specific aspects or the uniqueness of this case, and including any applicable subject within Rule 16(c).

  (b)**Rule 26(a)(1) Disclosures**. The disclosures required by Rule 26(a)(1) shall be provided (unless otherwise stipulated), without awaiting a discovery request, to all other parties within 14 days from the date of the parties' meeting required under Rule 26(f).

  (c)**Rule 26(a)(2) Disclosures**. Rule 26(a)(2) disclosures of expert witnesses and their opinions shall be made by the plaintiff within 60 days from the date of this scheduling order, and by the defendant or defendants within 30 days thereafter. Other parties' (if any) disclosures under Rule 26(a)(2) shall be within 30 days after the disclosure made by the opposing party. Expert witnesses not timely disclosed as required by Rule 26(a)(2), or whose opinions have been significantly modified or changed after discovery has ended, will normally not be permitted to testify at trial.

 (3)**Additional Court Action or Scheduling Conference**. The Court will promptly consider the parties' filed joint report, and will take one of the following courses of action within 14 days thereafter:

  (a) Enter a final scheduling order by modifying this initial scheduling order as the presiding judge deems appropriate in light of the parties' joint report, or by adopting the parties' report, or by confirming the requirements of this order.

  (b) Set the matter for a Rule 16 scheduling conference, either for the attorneys' (and any unrepresented parties') personal attendance, or to be conducted by telephone. A final scheduling order will be entered thereafter.

  (c) If the Court takes no action within 14 days from the filing of the joint report, this initial scheduling order will continue in full force and effect until some further order of this Court.

  (d) If any party so requests by motion, a scheduling conference or preliminary pre–trial conference may be held to address any of the matters set out in Rule 16(a), (b), and (c), Federal Rules of Civil Procedure.

 (4) **Interrogatories and Requests for Admissions**. The combined total interrogatories and requests for admissions from one party to another party shall not exceed 50 in number, including sub–parts. The limitation of Rule 33(a), Federal Rules of Civil Procedure, shall not apply.

 (5) **Schedule of Pre–Trial Matters**. In accordance with Rule 16(b), Federal Rules of Civil Procedure, the following schedule shall apply to this case, unless any party shall file an objection or request for a different schedule within 44 days from the date of this order, viz:

  (a) Joinder of other parties and amendments of pleadings shall be accomplished by the service and filing of the appropriate motions or pleadings within the time required by the Federal Rules of Civil Procedure, except as noted below.

  (b) All motions and responses shall be served and filed within the time required by the Federal Rules of Civil Procedure.

  (c) Motions for summary judgment shall be filed as promptly as possible, but, unless otherwise permitted by court order, not later than 20 days after the close of discovery.

  (d) A motion for leave to bring in a third–party defendant under Rule 14 of the Federal Rules of Civil Procedure shall be made either within the period provided for the completion of discovery, or within 3 months from the date of service of the moving party's answer to the complaint or reply to the counterclaim, whichever comes first;

provided, however, that motions of this nature may be granted after the expiration of such period in exceptional cases upon showing of special circumstances and of the necessity for such relief in the interest of justice and upon such terms and conditions as the Court deems fair and appropriate. Leave of Court shall not be required if the service of the third–party complaint is made within 10 days as provided by either Rule 14(a) or Rule 14(b), Federal Rules of Civil Procedure.

(e) Unless otherwise ordered by the Court, no motions to compel discovery may be filed after the close of discovery.

(f) Motions filed may be disposed of without hearing.

(g) If the rules and this order do not provide a time for the filing or service of motions or pleadings, then such motions or pleadings shall be served and filed within the period provided for the completion of discovery.

(6) **Attorneys' Discovery Obligations**. The Rules of Civil Procedure set out explicit time limits for responses to discovery requests. If an attorney cannot respond on time, he should move for an extension of time within which to do so, and consult with, or inform, opposing counsel, so that in the meantime no motion to compel a response will be filed. Stipulations extending the time for responses to discovery may be made only as authorized by Rule 29, Federal Rules of Civil Procedure.

(7) **Rule 37 Awards of Motion Expenses**. Since attorneys are expected to comply with the rules, the Court will ordinarily award counsel fees for time spent in filing (and, if necessary, arguing) a motion to compel if such a motion is necessary to make the recalcitrant party respond, or for time spent in opposing (and, if necessary, arguing) such a motion that is found to be unnecessary or without basis, and Rule 37 of the Federal Rules of Civil Procedure will be strictly enforced. Certification of all discovery requests, responses, and objections is required under Rule 26(g), and violations thereof will be subject to sanctions.

(8) **Resolution of Discovery Controversies**. Counsel should attempt to resolve discovery controversies without the Court's intervention. The Court will entertain a motion with respect to matters which remain in controversy only if, after consultation and sincere attempts to resolve differences, counsel are unable to reach an accord. Any motion filed shall include certification that such attempts have been made, in accordance with Rule 37 and Local Rule 512A. Counsel's attention is also directed to the provisions of Rule 26, Federal Rules of Civil Procedure, [Over–Discovery and Counsel's Obligations], and Title 28, United States Code, Section 1927 [Counsel's Liability for Excessive Costs].

(9) **Summary Judgment Motions**. Any motion for summary judgment filed pursuant to Rule 56 (or Rule 12(b)(6) which requires reference to matters outside the pleading), Federal Rules of Civil Procedure, shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement constitutes grounds for denial of the motion.

The statement shall reference the appropriate deposition, affidavit, interrogatory, admission, or other source of the relied–upon material fact, by page, paragraph, number, or other detail sufficient to permit the Court to readily locate and check the source.

The party opposing a motion for summary judgment shall, in addition to other papers or matters permitted by the rules, file and serve a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried, in the format set forth above.

All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be filed and served by the opposing party.

(10) **Amendments**. This order may be amended by the Court on its own motion or upon motion of any party.

**DONE AND ORDERED** on May 19, 2021.

/s/ Karen K. Specie  
Karen K. Specie  
U.S. Bankruptcy Judge

**SERVICE BY THE COURT TO:**  
Attorney(s) for Plaintiff(s)  
Attorney(s) for Defendant(s)