UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CASE NO. 21-400006-KKS
CHAPTER 7

In Re: ANNELI NYSTRAND,

    Debtor.
_____/

ANNELI NYSTRAND,                  ADV. CASE NO.: 21-4003

    Plaintiff,

v.

KINGDOM OF SWEDEN,

    Defendant.
_____/

**KINGDOM OF SWEDEN'S
MOTION FOR SUMMARY JUDGMENT**

    Plaintiff, Kingdom of Sweden, on behalf of The Swedish Board of Student Finance, (hereinafter, referred to as "CSN"), files this its Motion for Summary Judgment pursuant to Rule 7056 of the Federal Rules of Bankruptcy Procedure and in support thereof state as follows:

**I. INTRODUCTION**

    Defendant, Anneli Maria Nystrand Baldwin a/k/a Anneli Nystrand Magee ("Nystrand"), has filed this Adversary action against CSN to determine whether the non-dischargeable debt owed to CSN should be discharged due to undue hardship. Nystrand\ relies upon 11 U.S.C. §523(a)(8) which provides that "[a] discharge under section 727 . . . of this title does not discharge an individual debtor from any debt for an educational . . . loan . . . guaranteed by a governmental unit . . . unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor. . . ."

In order to prevail, Nystrand must demonstrate that she cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and that she has made good faith efforts to repay the loans. *In re Downey*, 255 B.R. 72, 75-76 (Bankr. N.D. Fla. 2000). Nystrand must prove all three prongs of the test in order for this Court to find that undue hardship exists and the student loan is dischargeable. *Id.* Nystrand cannot prove all three (3) prongs and as such, this Court should enter Summary Judgment in favor of CSN.

## II. STATEMENTS OF MATERIAL FACT

On November 2, 2020, CSN was awarded a Summary Final Judgment against NYSTRAND in the amount of $163,159.18 for the unpaid student loans. (*See* Exhibit "A," ¶ 8). During the entire loan disbursement period, repayment period, including entry of the Summary Final Judgment and post-judgment, Nystrand never once made any payment to CSN toward the balance due. (*See* Exhibit "A," ¶¶ 6, 9). Nystrand also never made any attempt to defer payment or enter into a modified repayment plan with CSN. (*See* Exhibit "A," ¶ 7).

## III. MEMORANDUM OF LAW

Rule 7056 of the Federal Rules Bankruptcy Procedure states that Rule 56 of the Federal Rules of Civil Procedure shall apply in adversary proceedings. Rule 56 provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the federal standard, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000). It is the movant's burden "of informing the [] court of the basis for its motion

by identifying those portions of the record that demonstrate the absence of genuine issues of material fact." *Baldwin Cnty. v. Purcell Corp.*, 971 F.2d 1558, 1563 (11th Cir. 1992) *(citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

A genuine issue of material fact will not exist "unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor." *Chapman*, 229 F.3d at 1023. In considering a motion for summary judgment, the trial court "must view the evidence in the light most favorable to the nonmoving party and may not weigh conflicting evidence to resolve disputed factual issues." *Lehrfield v. Liberty Mut. Fire Ins. Co.*, 396 F.Supp.3d 1178, 1181 (S.D. Fla. 2019) (citations omitted). "It is only where the record could not lead a rational trier of fact to find in the nonmovant's favor, there is no genuine issue of fact for trial." *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). CSN submits that even viewed in the light most favorable to Nystrand, a rational trier of fact could not find in her favor in this case as explained herein.

As stated above, 11 U.S.C. §523(a)(8) excepts from discharge "any debt for an educational . . . loan . . . guaranteed by a governmental unit . . . unless excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor. . . ." In order to prove undue hardship, this Court has adopted the test set forth in *Brunner v. New York State Higher Educ. Serv. Corp.*, 831 F.2d 395 (2d Cir. 1987). *In re Dennehy*, 201 B.R. 1008, 1011 (Bankr. N.D. Fla. 1996). The *Brunner* Court test requires the debtor to prove by a preponderance of the evidence that:

> (1) the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for themselves and their dependents if forced to repay the loans;
> (2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and
> (3) the debtor has made good faith efforts to repay the loans.

*Id.* (citing *Brunner*, 831 F.2d at 396). The debtor must prove all three prongs of the test in order for undue hardship to exists and the loans to be dischargeable. *Id.* If the debtor fails to prove any one of the three prongs, the loans will not be discharged. *In re Russotto*, 370 B.R. 853, 856 (Bankr. S.D. Fla. 2007).

     **A.**     <u>**First Prong – Inability to Maintain Minimal Standard of Living**</u>

When analyzing whether a minimum standard of living can be maintained, the debtor must demonstrate more than simply tight finances. *In re Chasser*, 391 B.R. 482, 490 (Bankr. M.D. Fla. 2008) (citing *In re Faish*, 72 F.3d 298, 306 ($3^d$ Circ. 1995)). The debtor must demonstrate that she "cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if she were forced to repay the loans." *Kelly v. Mich. Fin. Authority Loan Programs (In re Kelly)*, 496 B.R. 230, 235 (Bankr. MD Fla. 2013). In evaluating this prong, the court may consider the debtor's particular circumstances, all sources of income and expenses and available debt-restructuring options. *Id.* For example, undue hardship was demonstrated by a debtor who, for several years prior to bankruptcy, had income below federal poverty guidelines, received government assistance, lived rent-free and had virtually no assets. *Wolfe v. U.S. Dep't of Educ. (In re Wolfe)*, 501 B.R. 426, 435-436 (Bankr.M,D. Fla. 2013).

In this case, Nystrand has not and cannot demonstrate that she cannot maintain a minimal standard of living for her and her dependent. Nystrand states in her Amended Complaint that she earned $46,000.00 in 2020 which is at least twice the poverty level in the United States. Nystrand admittedly owns her own home. Nystrand has also made no effort to explore any repayment plans with CSN to repay her student loans to determine whether the repayment could be structured to be affordable given her income. Nystrand has also failed to demonstrate that she has attempted these same repayment options with her other debtors. Lastly, based upon Nystrand's own allegations in

her Amended Complaint, within the last few years she has been able to apply for and obtain loans. Based upon the foregoing, Nystrand has failed the first prong of the *Brunner* test.

      **B.**    **Second Prong – Additional Circumstances Indicating Debtor's Financial Condition to Continue**

Nystrand is also unable to prove the second prong of the *Brunner* test. Under this second prong, assuming a debtor has proven the inability to maintain a minimum standard of living, a debtor must prove "additional, exceptional circumstances that would prevent [the debtor's] financial condition from improving in the future" to satisfy the second prong of the Brunner test. *Downey*, 255 B.R. at 76 (citing *Brunner*, 831 F.2d at 396)). "A finding of undue hardship is reserved for the exceptional case and requires the presence of unique or extraordinary circumstances that would render it unlikely that the debtor would ever be able to honor [her] obligations." *In re Folsom*, 315 B.R. 161, 165 (Bankr. M.D. Fla. 2004). "Extraordinary circumstances" may include education or lack thereof, health and work history. *Wolfe*, 501 B.R. at 436. The debtor must show a condition that "impairs her ability to work, and that the condition will persist for a significant portion of the loan repayment period." *In re Lykoudis*, 381 B.R. 349, 356 (Bankr. M.D. Fla. 2007).

In this case, Nystrand has pled no extraordinary circumstances that would prevent her financial condition to improve in the future. Rather, by Nystrand's own admission, her daughter will be 18 in five (5) years which should relieve some expenses. Nystrand is also a licensed attorney who has and is able to continue to seek gainful employment and suffers from no health condition or disability preventing her from working. *Cf. Wolfe*, 501 B.R. at 437 (finding debtor satisfied second prong of *Brunner* test by demonstrating that he suffered from depression and other personality disorders which have impacted his ability to hold a decent job over two decades). Nystrand has also received an additional degree within the last five (5) years that could improve her employment

options. Lastly, Nystrand's failure to obtain a well-paying job does not prove that her current financial condition will continue indefinitely. *Dennehy*, 201 B.R. at 1012. Accordingly, Nystrand cannot demonstrate any extraordinary circumstances that would prevent her financial condition from improving.

### C.   Third Prong – Debtor's Good Faith Efforts to Repay

Lastly, the third prong of the undue hardship test requires a showing that the debtor made "good faith" efforts to repay the student loan. Under the *Brunner* test, "good faith" is measured by a debtor's efforts to obtain employment, maximize income, minimize expenses, and repay the loans. *Wolfe*, 501 B.R. 438; *Downey*, 255 B.R. at 77. The issue turns on whether the debtor's default results "not from voluntary choices, but from factors beyond the debtor's reasonable control." *Wolfe*, 501 B.R. at 438. "A factor the Court must consider when determining whether Plaintiff exhibited good faith when seeking discharge of her student loans is her 'effort — or lack thereof — to negotiate a repayment plan.'" *In re Brosnan*, 323 B.R. 533, 540 (Bankr. M.D. Fla. 2005) (citing *U.S. Dept. of Educ. v. Wallace*, 259 B.R. 170, 185 (C.D.Cal.2000) (citations omitted)) (finding no good faith shown where debtor repaid $50,000.00 of student loan but failed to attempt to renegotiate balance of $100,000); *See also In re Frushour*, 433 F.3d 393, 402 (4th Cir. 2005) ("A debtor's effort to seek out options to make the student loan debt less burdensome is an important component of the good-faith inquiry."); *Russotto*, 370 B.R. at 859 (finding no good faith where debtor made no attempt to renegotiate).

In the present case, Nystrand cannot demonstrate that she has made any good faith efforts to repay the loans to CSN. Nystrand states in her Amended Complaint that she has been gainfully employed at times, had a family business for a number of years and managed to repay her student loan in full to the United States Department of Education for $60,000.00. Yet, from 1998 forward,

Nystrand has never made one payment to CSN nor attempted to defer or renegotiate the student loans. Nystrand applied for and accepted student loans from CSN to pay for her undergraduate degree, juris doctorate degree and masters degree over a period from 1991 through and including 1997 with no intention to repay given that she was able to repay her loan with the United States Department of Education. *Cf. In re Matthews-Hamad*, 377 B.R. 415 (Bankr. M.D. Fla. 2007) (finding good faith effort where debtor made loan payments to the best of her ability, exhausted all efforts for 'income sensitive' repayment plans and then explored other options); *In re Foley*, 204 B.R. 582 (Bankr. M.D. Fla. 1996) (finding good faith attempt where debtor made small payments and also attempted to obtain forbearance agreements until she was financially capable of repaying the obligations). Nystrand clearly had the means at times to make payments to repay the loan to CSN but voluntarily chose not to repay and/or to repay other creditors. Her failure to make any good faith efforts to repay necessarily defeats her claim for undue hardship in her Amended Complaint.

## IV. CONCLUSION

As the test in *Brunner* requires that all three prongs must be proven, Nystrand cannot prevail on her adversary action against CSN to discharge the student loan for undue hardship by failing to demonstrate any one prong. *See Educational Credit Management Corp. v. Stanley*, 300 B.R. 813, 820 (N.D. Fla. 2003) (reversing finding of undue hardship where debtor could make the required student loan payments and still maintain a "minimal standard of living"); *Downey*, 255 B.R. at 77 (denying dischargeability where debtor was unable to demonstrate all three prongs of the *Brunner* test). Accordingly, CSN requests that summary judgment entered in its favor against Nystrand and such further relief as the Court deems proper.

WHEREFORE, Plaintiff, KINGDOM OF SWEDEN, requests that this Court enter summary judgment against Defendant, ANNELI MARIA NYSTRAND BALDWIN a/k/a ANNELI

NYSTRAND MAGEE, and such further relief as the Court deems proper.

Respectfully submitted this 25th day of October, 2021.

                                        s/Allison L. Friedman, Esq.
                                        ALLISON L. FRIEDMAN, ESQ.
                                        Counsel for KINGDOM OF SWEDEN

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy hereof was sent via electronic mail this 25th day of October, 2021 to Anneli Nystrand, Esq., 2490 Laurelwood Court, Tallahassee, Florida 32308, anneli@nystrandlaw.com.

                                        By: s/ Allison L. Friedman
                                            ALLISON L. FRIEDMAN, ESQ.
                                            Fla. Bar 0055336
                                        ALLISON L. FRIEDMAN, P.A.
                                        20533 Biscayne Boulevard, Suite 4-435
                                        Aventura, Florida 33180
                                        (305) 905-2679 (Telephone)
                                        (305) 692-9387 (Facsimile)
                                        Ralfriedman@hotmail.com