# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

IN RE:

ANNELI MARIAH NYSTRAND,                  CASE NO.: 21-40006-KKS
                                         CHAPTER: 7

     Debtor.

_____/

ANNELI MARIAH NYSTRAND                   ADV. NO.: 21-04003-KKS

     Plaintiff,

v.

KINGDOM OF SWEDEN,

     Defendant.

_____/

## ORDER GRANTING *KINGDOM OF SWEDEN'S RENEWED MOTION FOR SUMMARY JUDGMENT* (ECF No. 110)

THIS ADVERSARY PROCEEDING is before the Court on *Kingdom of Sweden's Renewed Motion for Summary Judgment* ("Summary Judgment Motion," ECF No. 110), Plaintiff's response,[1] and Kingdom of Sweden's reply to Plaintiff's response.[2] For the reasons stated below, the Court has determined that no hearing on the Summary Judgment Motion

---

[1] *Plaintiff's Response in Opposition to Defendant Kingdom of Sweden's Renewed Motion for Summary Judgment*, ECF No. 122.

[2] *Kingdom of Sweden's Reply to Anneli Nystrand's Response in Opposition to Renewed Motion for Summary Judgment (DE 122)*, ECF No. 126.

KKS with assistance of CMC

is necessary, and that motion is due to be granted.

In this adversary proceeding, Plaintiff, Anneli Mariah Nystrand ("Nystrand"), seeks a hardship discharge of the student loan debt due to Defendant, Kingdom of Sweden ("Sweden"), pursuant to 11 U.S.C. § 523(a)(8). This student loan debt was reduced to judgment in November of 2020.[3]

Nystrand filed an amended complaint in this action on April 19, 2021.[4] Sweden filed an answer and affirmative defenses on May 19, 2021, and amended affirmative defenses on October 25, 2021.[5] The Court stayed this adversary proceeding and sent the parties to mediation.[6] Mediation was unsuccessful.[7] Sweden filed the instant Summary Judgment Motion on July 1, 2022.[8]

The test in the Eleventh Circuit for whether a debtor, here Plaintiff, is entitled to a hardship discharge is that originally stated by the Second

---

[3] Summary Final Judgment, *Kingdom of Sweden v. Anneli Maria Baldwin [Nystrand]*, No. 2018-CA-2077 (Fla. 2d Cir. Ct. Oct. 2, 2020). *See Declaration of Boel Magnusson* in support of Summary Judgment Motion, ECF No. 110-1, Ex. A, ¶8 ("Declaration").
[4] *Amended Complaint to Determine Dischargeability of Student Loan Debts Based on Undue Hardship*, ECF No. 3.
[5] *Kingdom of Sweden's Amended Answer to Adversary Complaint (D.E. 3)*, ECF No. 14; *Kingdom of Sweden's Amended Affirmative Defenses*, ECF No. 28.
[6] *Order Granting, in Part, Plaintiff's Motion for the Court to Schedule Mediation and Appoint Mediator (ECF No. 79)*, ECF No. 84.
[7] *Mediation Disposition Report*, ECF No. 109.
[8] ECF No. 110.

Circuit Court of Appeals in 1987 in *Brunner v. N.Y. State Higher Educ. Serv. Corp.*[9] The *Brunner* test, as it is commonly called, has three prongs, or factors:

> (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; *and* (3) that the debtor has made good faith efforts to repay the loans.[10]

In the Eleventh Circuit, a debtor must "prove by a preponderance of the evidence that all three *Brunner* factors are met."[11]

Sweden seeks summary judgment against Nystrand on the basis that Nystrand does not meet the third prong of the *Brunner* test, which requires a debtor to prove by a preponderance of the evidence that she "has made good faith efforts to repay the loans."[12] Sweden alleges, and Nystrand does not dispute, that Nystrand has never made any payment on and "never made any attempt to defer payment or enter into a

---

[9] *Brunner v. N.Y. State Higher Educ. Serv. Corp.,* 831 F.2d 395 (2d Cir. 1987); *see Graddy v. Educ. Credit Mgmt. Corp. (In re Graddy)*, 852 F. App'x 509, 512 (11th Cir. 2021) ("[T]his Circuit adopted the test from *Brunner . . .* for determining whether a debtor has proved undue hardship." (citing *In re Cox,* 338 F.3d 1238, 1241-42 (11th Cir. 2003))).
[10] *Brunner,* 831 F.2d at 396 (emphasis added).
[11] *Graddy,* 852 F. App'x at 512 (citing *Educ. Credit Mgmt. Corp. v. Mosley (In re Mosley)*, 494 F.3d 1320, 1324 (11th Cir. 2007)).
[12] *Id.* (citations omitted); *see also Dennehy v. Sallie Mae (In re Dennehy)*, 201 B.R. 1008, 1011 (Bankr. N.D. Fla 1996).

modified repayment plan" of the student loan debt she owes to Sweden.[13]

Sweden filed a Declaration in support of its Summary Judgment Motion

that provides factual support showing that these allegations are true.[14]

In response to the Summary Judgment Motion, Nystrand does not

allege that she made any payments to Sweden or attempted to negotiate

a different repayment plan. By so doing, Nystrand essentially admits her

failure to prove the third prong of *Brunner.*

Rather than address the third prong of *Brunner,* Nystrand points

out that Sweden does not address the other two (2) prongs of the *Brunner*

test in its Summary Judgment Motion.[15] But, as Sweden argues, because

Nystrand has failed to prove the third prong of the *Brunner* test, it is

unnecessary to address the other two prongs.

Nystrand then proceeds to address other matters. Nystrand first

argues that the statute of limitations on her student loan debt due to

Sweden expired before Sweden filed suit to collect that debt.[16] But that

issue was addressed by the state court before it entered the Summary

Final Judgment against Nystrand. For that reason, under the *Rooker-*

---

[13] ECF No. 110, p. 2.

[14] *Id.* at Ex. A.

[15] ECF No. 122, ¶ 3.

[16] *Id.* at ¶¶ 4–6.

*Feldman* doctrine, this Court may not revisit the statute of limitations issue.[17]

Nystrand then argues that Sweden has not supported the Summary Judgment Motion with adequate evidence. First, she asserts that the *Declaration of Boel Magnusson* in support of the Summary Judgment Motion is not based on personal knowledge of the declarant.[18] This assertion is false. In paragraph 1 of the Declaration, the declarant states: "I have personal knowledge of the facts set forth in this Declaration. If called as a witness, I could competently testify as to the facts herein."[19]

Nystrand next contends that one assertion in the Declaration is refuted by a declaration Sweden filed with the state court in 2019.[20] But

---

[17] It is well-settled that federal courts lack jurisdiction to review, reverse, or invalidate a final state court decision. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923). The *Rooker-Feldman* doctrine applies in cases "(1) brought by state-court losers (2) complaining of injuries caused by final state-court judgements (3) rendered before the district court proceedings commenced and (4) inviting district court review and rejection of those judgments." *White v. Gee*, Case No. 8:19-cv-0003-T-02CPT, 2019 WL 2476698, *3 (M.D. Fla. June 13, 2019) (citing *May v. Morgan Cty. Ga.*, 878 F.3d 1001, 1004 (11th Cir. 2017)).

[18] ECF No. 122, ¶ 8.

[19] ECF No. 110-1, Ex. A, ¶ 1.

[20] Nystrand asks this Court to take judicial notice of that declaration but has not provided a copy. *Plaintiff's Request for Judicial Notice Re: Case Number 2018CA002077, Leon County, Florida*, ECF No. 124. Although the Court can take judicial notice of the fact that the declaration to which Nystrand refers was filed on the state court docket, this Court cannot take judicial notice of the contents of that declaration. *See* Fed. R. Evid. 201(b); *see also Kerruish v. Essex Holdings, Inc.*, 777 F. App'x 285, 293-94 (11th Cir. 2019) ("Judicial notice of court records is ordinarily confined to determining what happened in the course of a proceeding—when a plaintiff filed a complaint, what claims were argued and adjudicated,

the testimony that Nystrand claims is refuted is not decisive of the third prong of *Brunner*.[21] Further, the statement Nystrand wants this Court to take judicial notice of, even if admitted, does not appear to show that Nystrand made a payment to Sweden or made any effort to modify her student loan repayment obligations.

Finally, Nystrand tries to excuse her failure to make any payments to Sweden by claiming that Sweden never contacted her about repayment options, rather than vice versa.[22] She then explains that she has paid 100% of her student loan obligations to the United States Department of Education ("DOE") because DOE made repayment efforts simple and accessible.[23]

Nothing Nystrand alleges in the Amended Complaint or in

---

and so on. We have found no authority for the proposition that we may take judicial notice of an affidavit never made part of the district court record . . . ." (internal citation omitted)).

[21] The testimony before this Court that Nystrand claims is refuted is a statement by Sweden's representative, Boel Magnusson, stating, "During my 22 years [working for Sweden], I have never heard of mistakes being found in its computer records as a result of tests or audits performed by the accounts [sic] or by the external governmental agencies." ECF No. 110-1, Ex. A, ¶ 3. According to Nystrand, a different Sweden employee declared to the state court in 2019 that Sweden misplaced "a couple of Debt Obligations submitted by Nystrand . . . ." ECF No. 122, ¶ 7. Because Nystrand lifts the cited quote out of context and has not provided a copy of any such declaration, this Court can only guess at what is meant by the term "Debt Obligations" or why the fact that Sweden may have misplaced such would be significant. Further, because the state court entered judgment against Nystrand after the referenced declaration was filed, the state court had that declaration before it (assuming it was admitted into evidence) before issuing the Final Judgment.

[22] ECF No. 122, ¶ 9.

[23] *Id.* at ¶ 10.

opposition to the Summary Judgment Motion addresses, or meets her burden of proving, that she has met the third prong of the *Brunner* test.[24]

For the reasons stated, it is

ORDERED:

1. *Kingdom of Sweden's Renewed Motion for Summary Judgment* (ECF No. 110) is GRANTED.

2. The hearing  scheduled for October 4, 2022, is CANCELED.

DONE and ORDERED on_____August 29, 2022_____.

KAREN K. SPECIE
Chief U.S. Bankruptcy Judge

cc: All parties in interest, including
Plaintiff, Anneli Mariah Nystrand
2490 Laurelwood Court
Tallahassee, FL 32308

---

[24] In her response to the Summary Judgment Motion, Nystrand alleges that she has recently been diagnosed with various forms of cancer. *Id.* at ¶ 12. Assuming this representation to be true, this development is indeed unfortunate. But this information is not relevant to the issue before the Court, which is whether Nystrand has met her burden to prove that she has met all three (3) prongs of the *Brunner* test, specifically including the third prong, which is that she made good faith efforts to repay her student loan debt to Sweden.